J-A19021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHARISAA GODWIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEBANON COUNTY CHILDREN AND | : | No. 481 MDA 2024 |
| YOUTH SERVICES, VICTORIA A. | : | |
| RISSER  AND CLAYTON L. RESSLER | : | |

Appeal from the Order Entered March 6, 2024
In the Court of Common Pleas of Lebanon County Civil Division at No(s):
2020-2-0575

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                **FILED: NOVEMBER 13, 2024**

Charisaa Godwin ("Godwin") appeals from the order dismissing her custody complaint filed with respect to her minor dependent natural grandchildren, E.R.H. (born in 2019) and L.N.R. (born in 2022) (collectively "the children") and vacating the order appointing a custody conciliator. After careful review, we affirm.

Godwin is the maternal grandmother of the children, who were adjudicated as dependent in 2022 and have since resided in foster care. In 2023, Lebanon County Children and Youth Services ("CYS") filed involuntary termination petitions against Godwin's daughter who is the children's biological mother, Victoria A. Risser ("Mother"), and the children's biological

---

[*] Former Justice specially assigned to the Superior Court.

father, Clayton L. Ressler ("Father"). On October 27, 2023, Godwin filed a custody complaint against CYS, Mother and Father seeking sole legal and physical custody of the children pursuant to 23 Pa.C.S.A. § 5324(2) or § 5324(3)(i)-(iii)(A). In her complaint, Godwin averred, *inter alia*, that evidentiary hearings were scheduled for October 30, 2023, with respect to the involuntary termination proceedings. The court appointed a custody conciliator by order dated November 2, 2023. However, it is undisputed that Godwin failed to effectuate service of the custody complaint. On December 8, 2023, Godwin filed a praecipe to reinstate the custody complaint. On January 19, 2024, the Sheriff's return was filed on the trial court docket. The trial court took no immediate action.

On February 28, 2024, Ms. Godwin filed a motion to schedule the conciliation concerning her custody complaint. In the motion, she averred that: the parental rights of both Mother and Father to the children were involuntarily terminated on December 18, 2023; Godwin filed petitions for adoption of the children on January 2, 2024, the children's foster parents also filed adoption petitions; and the orphans' court scheduled an adoption hearing on the competing petitions for February 9, 2024, which was then continued to June 25, 2024. In light of these events, Godwin requested "the prompt scheduling of a custody conciliation and trial" pursuant to Pa.R.C.P. 1915.4(a) (Prompt Disposition of Custody Cases). **See** Motion to Schedule Conciliation, 2/28/24, at ¶¶ 9,16.

By order entered on March 6, 2024, the trial court ruled, in part, that because there was an adoption hearing scheduled to be held on June 25, 2024, regarding two separate adoption petitions: (1) the order of court dated November 2, 2023 appointing a conciliator was vacated; and (2) the custody complaint filed on October 27, 2023 was dismissed. **See** Order, 3/6/24 (unnecessary capitalization omitted).[1] Godwin filed a timely notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The trial court thereafter authored a Rule 1925(a) opinion.

Godwin presents the following issue for our review: "Whether the trial court made an error of law in failing or refusing to schedule the parties' initial in-person contact with the court (*i.e.*, custody conciliation conference) within 45 days of the filing of the complaint for custody in violation of Pa.R.C.P. . . . 1915.4(a)?" Godwin's Brief at 4 (unnecessary capitalization omitted).

In her sole issue on appeal, Godwin challenges the trial court's process. A challenge to a court's process is a question of law for which our standard of review is *de novo* and our scope of review is plenary. **See S.T. v. R.W.**, 192 A.3d 1155, 1160 (Pa. Super. 2018).

Rule 1915.4 concerns the prompt disposition of custody cases and provides, in relevant part, as follows:

---

[1] The same trial court judge, Honorable Charles T. Jones, Jr., presided over the children's dependency, custody, and adoption dockets.

**(a)** Initial Contact With the Court.  Depending upon the procedure in the judicial district, the parties' initial in-person contact with the court (including, but not limited to a conference with a conference officer pursuant to Rule 1915.4-2, a conference with a judge, conciliation, mediation and/or class/seminar) shall be scheduled to occur not later than 45 days from the filing of a complaint or petition.

\* \* \* \*.

**(e) Emergency or Special Relief.** Nothing in this rule shall preclude a party from seeking, nor a court from ordering, emergency or interim special relief at any time after the commencement of the action.

Pa.R.C.P. 1915.4(a), (e).[2]  A plain reading of this rule instructs the trial court to schedule the parties' initial in-person contact with the court within forty-five days after the filing of the custody complaint, and enables a party to petition for emergency or special relief.

Godwin argues that, assuming the trial court based the subject order on "judicial economy" due to the pending adoption petitions, this is "not grounds

_____

[2] Godwin directs us to Lebanon County Local Rule of Civil Procedure 1915.4-2, which provides, "Upon being filed with the Prothonotary, a complaint relating to child custody and/or visitation shall be accompanied by a proposed order for appointment of a Custody Conciliator and thereafter served upon the opposing party(ies).  The Conciliator shall forthwith set the time, date and place for a Conciliation Conference."  Leb.Co.R.C.P. 52-FD-1915.4-2.  In addition, she directs us to Local Rule 1915.4-3, which provides, "All custody matters shall be promptly scheduled for a conference before the Conciliator.  All parties shall be present for such conference.  Failure of a party to appear at the conference may provide grounds for the entry of a recommendation of a temporary or permanent order;" and "Following the conference, the Conciliator may present a proposed Interim Order to the Court."  Leb.Co.R.C.P. 52-FD-1915.4-3(B), (D).  **See** Godwin's Brief at 17-18.

- 4 -

to ignore or violate" Rule 1915.4(a). Godwin's Brief at 12. Godwin asserts that she has desired

> an interim order awarding her some form of custody of her grandchildren, which she would then have had from November 2023 to date, and then of course would have wanted the trial to be scheduled within 180 days of the date she filed the complaint for custody per Pa.R.C.P. 1915.4(b), which said trial would also have occurred before the hearings on adoption. Had that occurred, [Godwin] would have had six or seven months to reconnect and re-bond with her grandchildren, which would have been in their best interest and would also have been helpful to [Godwin]'s claim in her petitions for adoption.

*Id*. at 18 (unnecessary capitalization omitted). As such, Godwin argues that she has been prejudiced in the pending adoption action by the trial court's failure to schedule a custody conciliation conference and by the court's order dismissing her complaint. *See id*. at 19. Godwin requests that this Court reverse the subject order and direct the trial court to reinstate her custody complaint and schedule an expedited custody conciliation conference. *Id*. at 21.

Initially, we observe that Rule 1915.4(a) does not provide an appellate remedy if the trial court does not comply with scheduling the conciliation conference. *See Wagner v. Venable*, 384 MDA 2024, 2024 Pa. Super. Unpub. LEXIS 2336, *9, 2024 WL 4274742, at *4 (Pa. Super. 2024) (unpublished memorandum) (concluding that the provisions of Rule 1915.4 do not provide a remedy if the trial court does not comply with the time limits); *see also Dear v. Dear*, 3023 EDA 2023, 2024 Pa. Super. Unpub. LEXIS 1980, 2024 WL 3791650, at *6 (Pa. Super. filed August 13, 2024) (unpublished

memorandum) (noting that subsections 1915.4(c) and (d) do not provide a remedy or sanction for failure to comply); **Heffley v. Heffley**, 977 WDA 2023, 2024 Pa. Super. Unpub. LEXIS 1055, 2024 WL 1855126, at *8 (Pa. Super. filed April 29, 2024) (unpublished memorandum) (holding that even if Mother's timeliness challenges were not waived, we would decline to vacate the order because subsections (c) and (d) of Rule 1915.4 do not provide a remedy or any other sanction if the trial court does not comply with the time limit).[3]  Thus, to the extent Godwin has relied upon the trial court's failure to abide by the forty-five day time limit imposed by Rule 1915.4(a), no relief is due.

Moreover, Rule 1915.4(e) provides that the trial court may grant "emergency or interim special relief" irrespective of the other provisions of the same Rule.  **See** Pa.R.C.P. 1915.4(e).  Instantly, the trial court responded to Godwin's February 28, 2024 petition for a conciliation conference by dismissing her custody complaint outright, based on parallel adoption proceedings.  Although we do not necessarily condone the basis for the order,[4] Godwin's arguments are solely based upon the trial court's failure to abide by

---

[3] Non-precedential decisions of this Court published after May 1, 2019, may be cited for their persuasive value.  **See** Pa.R.A.P. 126(b).

[4] **See** 23 Pa.C.S.A. § 5324(3)(iii)(A) (concerning standing for any form of physical custody or legal custody, and providing "[a] grandparent of the child who is not in *loco parentis* to the child" may file for any form of custody when, *inter alia*, "the child has been determined to be a dependent child under 42 Pa.C.S.[A.] Ch. 63 (relating to juvenile matters)").

the time limits of Rule 1915.4(a), which, as detailed above, does ***not*** provide a basis for appellate relief. Furthermore, Godwin's claim that the subject order has prejudiced her in the adoption proceedings is entirely speculative, as any prospective award of custody she might have received if her custody complaint was not dismissed is pure conjecture.

Based upon the foregoing, no relief is due with respect to Godwin's claim concerning the trial court's failure to follow the time limits set forth in Rule 1915.4(a). Accordingly, we affirm the order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/13/2024